WHITE et al. v. LANCRAFT et al.

(Supreme Court, Appellate Division, Second Department. January 12, 1912.)

FORCIBLE ENTRY AND DETAINER (§ 29*)—SQUATTERS—EVIDENCE—LETTERS PATENT.

Where, in summary proceedings to recover possession of land, as authorized by Code Civ. Proc. § 2232, subd. 4, plaintiffs pleaded that defendants were squatters, plaintiffs' title having been derived from the state, the letters patent which were the source of such title were admissible, in the absence of any claim or proof of defect therein.

[Ed. Note.—For other cases. see Forcible Entry and Detainer, Cent. Dig. §§ 134–140; Dec. Dig. § 29.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Summary proceedings to recover land by Eliza C. White and others against Henry S. Lancraft and others. From a Municipal Court judgment, dismissing the proceedings, plaintiffs appeal. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

William H. Hale, for appellants.
Robert J. Mahon, for respondents.

HIRSCHBERG, J. Neither the return nor the briefs submitted on the argument disclose the reason why the summary proceedings instituted herein were dismissed. The petition is in regular form, and alleges title in fee in an undivided two-thirds of the premises in question to be in the petitioners. The respondents are alleged to be "squatters" upon the property, and the proceedings are instituted under subdivision 4 of section 2232 of the Code of Civil Procedure, which provides for the removal by summary proceedings of a person from real property—

"where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter."

The answer denies the allegations of the petition, excepting that it admits that respondents are in possession of a part of the premises in question.

The petitioners' title to the property is alleged in the petition to be derived from the state. In support of their claim, a certain document, referred to in the minutes as "letters patent," was offered in evidence and excluded under the respondents' general objection. There is nothing showing the propriety of such exclusion, nor is any reason disclosed for the refusal of the court to receive evidence of the petitioners' title to the property. Upon the exclusion of the document the proceedings were dismissed on motion of the respondents. The exclusion of the documentary evidence of the petitioners' title,

in the absence of any claim or proof of a defect in it, was clearly error, and the judgment must be reversed.

Judgment of the Municipal Court reversed, and new trial ordered;. costs to abide the event. All concur.